**STATE of Alaska, Appellant,**

v.

**Gregory JENSEN, Appellee.**

**No. 5879.**

Court of Appeals of Alaska.

Sept. 17, 1982.

Paul E. Olson, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., for appellant.

Charles E. Tulin, Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Gregory Jensen pled *nolo contendere* to charges of robbery and attempted rape in violation of AS 11.15.240, 11.15.120 and 11.-05.020. Since the incidents in question took place on November 24, 1979, they were governed by our former penal code. The possible penalty for robbery under AS 11.15.240 was one to fifteen years. Reading AS 11.-15.120 in conjunction with AS 11.05.020, the possible penalty for attempted rape was one half the penalty for rape set out in AS 11.15.130(c), or six months to ten years. After hearing argument from the parties, the trial court suspended the imposition of the defendant's sentence for a period of five years and placed him on probation. As special conditions of probation, he placed the defendant on supervised probation for three years and open probation for the last two years of the period of his suspended sentence. Furthermore, he required that the defendant receive psychological counseling until he is released by the counselor and the release is approved by the probation officer. Lastly, he required that the defendant participate in a rehabilitation program for alcohol abuse during the entirety

of the five-year period. He required the defendant to pay one half of the cost of a new cash register to the Brown Jug Liquor Store for damage stemming from the robbery.

The state has appealed, contending that the sentence imposed was too lenient; such an appeal is authorized by statute, AS 12.55.120(b). We are limited, however, in our disposition of a sentence appeal brought by the state in that we may not modify the sentence but may only express our approval or disapproval of it in a written opinion. *See State v. Lancaster,* 550 P.2d 1257, 1258 (Alaska 1976). The determinative test in deciding whether to approve or disapprove the sentence is whether or not we are convinced that the sentencing judge was clearly mistaken in imposing a particular sentence. *Lancaster,* 550 P.2d at 1260 n. 13.

The facts are relatively brief. On November 24, 1979, defendant and another entered into an agreement to rob a Wasilla liquor store. The defendant's accomplice took a cash register containing the proceeds of the day, and the defendant undertook to occupy the store clerk, P. H., to prevent her from interfering. P. H. testified that the defendant grabbed her and took her toward the cooler in the rear of the store, telling her that if she made any noise he would kill her. Once inside the cooler, he propelled her between two stacks of beer cases. Using a knife, he cut her work apron, shirt and bra off, along with her necklace. He then fondled her breasts, undid the zipper of her jeans, pulled her pants and underwear down, and attempted, unsuccessfully, to engage in vaginal intercourse by entering her from the rear. He then turned her over and attempted to enter her from a frontal position. He then, once more, unsuccessfully, attempted to enter the victim

from the rear. P. H. testified that she was petrified with fear, believing that she would be killed. The defendant then dressed and left the cooler.

While not yet under suspicion, the defendant left the State of Alaska and went to Oklahoma where he was convicted of burglary growing out of events occurring on November 24, 1980. He served fourteen days pretrial detention and received a two-year deferred sentence to be served on probation. He was subsequently arrested in Oklahoma on the Alaska charge and returned voluntarily to this state.

Jensen admitted the robbery of the Wasilla liquor store and the attempted rape of P. H. He blamed these crimes and his previous conviction for burglary on his excessive drinking. Substantial expert testimony corroborated the fact that Jensen was an alcoholic and that his crimes were alcohol related.[1] Since Jensen was a minor at the time of the offense, he was initially charged in the juvenile court, and a hearing to determine whether juvenile jurisdiction over him should be waived pursuant to AS 47.10.060, before Judge Carlson on December 17, 1980.

After hearing extensive evidence regarding the defendant, his amenability to treatment as a juvenile, and the circumstances of the alleged robbery and attempted rape, Judge Carlson expressed substantial concern regarding the propriety of waiving juvenile jurisdiction. Nevertheless, the court indicated that the best disposition would be a waiver of juvenile jurisdiction followed by a suspended imposition of sentence for a slightly longer period than if supervised under Title 47, as a juvenile.[2] Judge Carlson postponed final argument on waiver and recommended that the parties consider his proposed disposition. Thereaft-

---

1. Dr. Wolf, a psychiatrist, and Drs. Burke and Ohlson, psychologists, testified on Jensen's behalf.

2. We recognize that the trial judge sought to bridge the gap between treating Jensen as a juvenile and treating him fully as an adult by fashioning an ad hoc young offender sentencing scheme. Judge Carlson was obviously con-

vinced that Jensen's immaturity and alcohol dependency made him amenable to juvenile treatment except for his chronological age which limited juvenile jurisdiction to sixteen months. Certainly, the trial court may consider a defendant's youth and immaturity as a mitigating factor.

er, counsel returned, indicated that an agreement had been reached to waive juvenile jurisdiction, to have Jensen enter *nolo contendere* pleas to an information charging robbery and attempted rape, and providing for open sentencing. A sentencing hearing was held and sentence was imposed on February 19, 1981. Our review of the record indicated a strong possibility that the dialogue between counsel and Judge Carlson amounted to a plea and sentence agreement that would preclude the state from challenging the resulting sentence as too lenient on appeal. In supplemental briefs, both defendant and the prosecution have assured us that no sentencing agreement was contemplated and that open sentencing was to apply. While we consider the record highly suspicious, we accept this statement of the parties and treat this appeal as if it were from an open sentence. Viewed in that light, we consider our language in *Kompkoff v. State,* 626 P.2d 1091 n.1 (Alaska App.1981), instructive. There, we said:

> We are unaware of a single case in which the supreme court has approved a sentence for rape requiring no incarceration. To the contrary, three cases have expressly disapproved sentences requiring two years imprisonment or less as too lenient where the defendants were first offenders without significant backgrounds. *State v. Wassilie,* [578 P.2d 971, 975 (Alaska 1978)] (18 months to serve too lenient); *State v. Lancaster,* 550 P.2d 1257, 1260 (Alaska 1976) (two years to serve too lenient); *State v. Chaney,* 477 P.2d 441, 444–47 (Alaska 1970) (one year to serve too lenient); *cf. Ahvik v. State,* 613 P.2d 1252 (Alaska 1980) (five years with two suspended appropriate sentence for rape where defendant was an 18-year-old first offender). We do not hold or imply that a sentence requiring no time to serve would never be appropriate; nor do we conclude that placement in a residential therapeutic community, as proposed by appellant's counsel, is the equivalent of no time to serve. The cases referred to above do, however, clearly indicate that a sentence of probation

would be appropriate only under exceptional circumstances for a crime as grave as that of rape.

■ Having carefully reviewed the record in this case, the psychological and psychiatric evaluations of the defendant, the evidence produced at the waiver hearing, the arguments of counsel, the reasoning of Judge Carlson, and giving maximum deference to Judge Carlson's concerns for rehabilitation, we, nevertheless, conclude that the sentence in this case was too lenient and disapprove it.

In so doing we are not unmindful that substantial evidence was introduced at the waiver proceeding and at the sentencing hearing indicating (1) that Jensen had made substantial progress toward rehabilitation during the nearly three months that elapsed between his arrest in Oklahoma and his sentencing in Alaska by addressing his alcohol problems and preparing for marriage; (2) that further incarceration would not help his rehabilitation and, due to his youth and immaturity, might well hinder it; and (3) that because of his rehabilitation while awaiting sentencing he was no longer a danger to the community. Notwithstanding these factors, when we take into account both the attempted rape and the robbery, we believe the sentence imposed insufficiently considered deterrence of others and affirmation of community norms which are entitled to great weight in sentencing for violent crimes. *State v. Lancaster,* 550 P.2d 1257, 1258 (Alaska 1976). We feel, again, construing the record most favorably to the defendant, that a sentence of less than eighteen months' incarceration would be inappropriate. In so saying, we recognize that a substantially greater sentence could have been justified on this record.

We disapprove of the sentence imposed as being too lenient.