**William HANSEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6965.**

Court of Appeals of Alaska.

Feb. 10, 1983.

Carmen Gutierrez, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Leonard M. Linton, Jr., Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

William Hansen pled guilty to the offenses of attempted sexual assault in the first degree, AS 11.41.410(a)(1) and AS 11.-31.100, and burglary in the first degree, AS 11.46.300(a)(1).[1] Both are class B felonies. The maximum sentence for a class B felony is ten years. The presumptive sentence for a second felony offender is four years; for a third felony offender, six years. AS 12.-55.125(d). Hansen had no prior felony convictions. Judge Victor Carlson sentenced Hansen to eight years for the attempted sexual assault and eight years for the burglary, to run consecutively, for a total of sixteen years. Hansen appeals to this court arguing his sentences are excessive. We agree and order Hansen's sentences to be reduced to a total period of time not to exceed ten years.

The facts of Hansen's crimes are set forth in the presentence report. On October 6, 1981, at approximately 4:30 a.m., the defendant entered the unlocked door of victim M.L.'s apartment on West 5th Avenue in Anchorage. Once inside, he secured a small paring knife from the kitchen, removed his jeans, shorts and boots and entered M.L.'s bedroom. She was awakened by him as he was kneeling next to her bed holding a sharp object at her throat. He told her it was a razor and said he would kill her if she screamed. She smelled the strong odor of alcohol on the defendant's breath and realized that he was intoxicated. He then climbed into bed with her and forced her against the wall while still holding the knife against her throat. M.L. repeatedly ad-

vised him that she would not scream. She then began engaging him in conversation to keep him from hurting her. At one point she asked the defendant if he was high on cocaine. He advised her that he had taken some black beauties, white crosses, alcohol and marijuana. She asked if he wanted a cigarette and convinced him to put the knife down on the pillow. In reaching for the cigarettes she then pushed the knife to the floor. She told the defendant that she had no matches, so she would have to get some from the kitchen. The defendant decided he no longer wanted a cigarette so she advised him that she had to go to the bathroom. As the defendant accompanied her to the kitchen toward the bathroom, M.L. ran out the door and fled to an upstairs apartment to call the police. The defendant left, leaving behind his boots, jeans, shorts and identification. M.L. later advised the police that thirty to forty dollars had been stolen from her wallet.

In arguing that his sentence is excessive, Hansen points out that these offenses are his first felony offenses. He argues that as a first felony offender he should not be sentenced to a sentence greater than the presumptive sentence for a second offender. *Austin v. State,* 627 P.2d 657 (Alaska App. 1981). Hansen conceded at oral argument that he is subject to consecutive sentencing,[2] but argued that he should not receive more than four years on each count. This amount of time is equal to the presumptive sentence for a second offender, except that as a first offender Hansen would be eligible for parole whereas a second felony offender under a presumptive sentence would not. AS 33.15.180. Thus, Hansen argues that his total sentence should be eight years.

1. Hansen was charged with burglary on two theories. Count 1 of the indictment charged that he entered M.L.'s residence or remained there unlawfully with the intent to commit a sexual assault. The other theory was that he entered M.L.'s residence or remained there unlawfully with the intent to commit theft. Hansen pled to Count I, and the state then dismissed the burglary charge that alleged the theft theory of the offense.

2. In *Juneby v. State,* 641 P.2d 823, 829 n. 3 (Alaska App.1982), this court stated that where a burglary and a sexual assault arose out of the same episode "[u]nder the provisions of AS 12.55.025(e) .... the sentencing judge was authorized to impose sentences for Juneby's convictions of burglary and sexual assault either consecutively or concurrently."

■ The record supports Judge Carlson's conclusion that Hansen's attempted sexual assault presents an appropriate case for sentencing a first felony offender to a sentence that is in excess of the presumptive sentence that a second felony offender would receive. While *Austin v. State* stands for the proposition that a first felony offender should normally receive a more favorable sentence than the presumptive sentence for a second felony offender, the case does provide for increased sentences in exceptional cases. In *Austin* itself we found that the defendant's long juvenile record was an exceptional circumstance which authorized the trial judge to impose a sentence greater than the presumptive sentence for a second felony offender. Hansen has a long record of misdemeanor offenses consisting of approximately thirty-two convictions in the last nine years. These offenses apparently stem from alcohol abuse and include three convictions for assault,[3] numerous convictions for disorderly conduct, and numerous theft-related offenses. It is clear that with this record Hansen's case is an exceptional one where a first felony offender could be given a sentence in excess of the presumptive sentence for a second offender. In addition, we conclude that Hansen's attempted sexual assault offense could be classified as "among the most serious conduct included in the definition of the offense." AS 12.55.155(c)(10). The attempted sexual assault took place in M.L.'s home at night. Furthermore, Hansen used a knife in the offense. AS 12.55.-155(c)(4). *See Erhart v. State,* 656 P.2d 1199 (Alaska App.1982).

■ Although the record supports Judge Carlson's decision to treat Hansen as an exceptional first felony offender who could be given a sentence in excess of the presumptive sentence for a second offender, we conclude that sentences totalling in excess of ten years are not justified. In *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974), the supreme court adopted the American Bar Association's view that "except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed 5 years." The American Bar Association has modified its position to now state that the maximum prison term "ought not to exceed ten years . . . and normally should not exceed five years." *Pascoe v. State,* 628 P.2d 547, 550 (Alaska 1980) (quoting ABA Standards, Sentencing Alternatives and Procedures § 2.1, at 1 (Approved Draft, 1971)). The supreme court has not commented on the new draft. *See id.* However, it is clear under even the later ABA standard that a ten-year sentence is a severe sanction. We also note that the major crime which Hansen committed was the attempted sexual assault and that the maximum penalty for that crime was ten years. Hansen pled to a burglary charge for entering the residence of M.L. or remaining in her residence unlawfully to commit the sexual assault. Thus the burglary and the sexual assault can be looked at as a single transaction. If we look at the burglary as being an aggravating factor in the sexual assault, along with the other aggravating factors in this crime, we do not see sufficient reasons to give Hansen a total sentence exceeding the maximum ten-year sentence for this crime.

Accordingly, the sentences are VACATED. The case is REMANDED for the trial court to impose sentences that do not exceed a total of ten years imprisonment.

---

**3.** We note that the code provides that a presumptive sentence may be aggravated if "the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior." AS 12.55.155(c)(8).