Richard LANGTON, Appellant,

v.

STATE of Alaska, Appellee.

STATE of Alaska, Appellant,

v.

John DOE,[1] Appellee.

Melvin JOE, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 7188, 6247 and 7114.

Court of Appeals of Alaska.

April 29, 1983.

---

1. We have used fictitious names for Doe and his family in this opinion. We feel this is necessary to protect the privacy of the children involved in this case. Langton was a steppar-ent to his victim and Joe, a stranger to his victim. We have therefore used their real names.

Linda R. MacClean, Drathman & Weidner, Anchorage, for appellant in No. 7188.

Elizabeth Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee in No. 7188.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellant in Nos. 6247 and 7114.

No appearance for appellee in No. 6247.

Marlin D. Smith, Fairbanks, for appellant in No. 7114.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

■ Richard Langton was convicted of two counts of first-degree sexual assault of his eleven-year-old stepdaughter. On each count he received a sentence of ten years with four years suspended, to be served concurrently. He appeals his sentence claiming that it is excessive. We affirm. John Doe was convicted of one count of first-degree sexual assault of his four-year-old son. He received a suspended sentence of five years and was placed on probation for five years on the condition that he undergo psychiatric evaluation and counseling. The state appeals this sentence charging that it is too lenient. We agree that Doe's sentence is too lenient and we find that it is clearly mistaken. *See State v. Lancaster,* 550 P.2d 1257, 1260 (Alaska 1976). We are not authorized to increase the sentence, but we may disapprove it. AS 12.55.120(b). Melvin Joe was also convicted of sexual assault in the first degree on the two-year-old son of an acquaintance for which he received a sentence of twenty years' imprisonment. He appeals, contending that the sentence is excessive. We agree and remand Joe's case for resentencing.

These three cases involve separate incidents of first-degree sexual assault, AS 11.-41.410, with separate offenders and separate victims. The sentences were imposed by different judges. Nevertheless, each defendant is a first felony offender who was sentenced for comparable conduct under the new criminal code's sentencing provisions. The hallmark of the new code is the elimination of unjustified disparity and the at-

tainment of reasonable uniformity in sentencing. AS 12.55.005. The similarities of the factual findings regarding each defendant made by the respective judges resulting in very different sentences demonstrate the tremendous disparity still occurring in sentencing. This disparity prompted us to consolidate these sentence appeals in a single opinion.

## LANGTON

Richard Langton married the mother of J.H. in June 1978, when J.H. was eight years old. Almost immediately thereafter, Langton began sexually molesting J.H. In 1979, Mrs. Langton observed Langton sexually assaulting J.H. Mrs. Langton did not report the incident to the police, but she did arrange for Langton to receive counseling. Langton admits that the counseling addressed his alcohol problems rather than his sexual abuse behavior. Mrs. Langton filed for divorce and kept her children away from Langton for a few months. She eventually reunited with Langton and according to J.H. the sexual molesting continued until Langton was finally arrested. On February 19, 1981, Langton sexually assaulted J.H. against her will. He pulled off her panties, licked her vagina ten to twelve times and inserted his finger into it. J.H. struggled, got away from Langton, and locked herself in the bathroom. When Mrs. Langton phoned, J.H. told her what had happened. Mrs. Langton came home, the police were summoned, and Langton was arrested. Langton eventually pled guilty to two counts of first-degree sexual assault.

In sentencing Langton, the trial judge carefully considered the *Chaney* criteria. *See State v. Chaney,* 477 P.2d 441 (Alaska 1970). He concluded that there was not a good chance for rehabilitation until Langton was forced to realize that society would not tolerate his conduct. In the three years that Langton and his wife had known of his psychological problems, Langton had not attempted to seek proper counseling or otherwise rehabilitate himself. In addition, it appeared to the court that Mrs. Langton was not willing to protect her children from Langton. The judge found that there was a need to isolate Langton to protect J.H. and possibly other children as well. The judge concluded that imposition of a severe sentence in this case would serve to deter others and let society know that sexual abuse of children will not be condoned.[2]

The record supports the findings and conclusions of the trial judge. The record also supports a finding that Langton's conduct was among the most serious conduct included in the definition of the offense in light of the substantial duration of his sexual abuse, his failure to learn from the earlier discovery of his prior offenses, *see Seymore v. State,* 655 P.2d 786 (Alaska App.1982), his disregard of a court order that he avoid contact with the victim, and his total failure to take any meaningful step toward rehabilitation. *See* 12.55.-155(c)(10); *see also Noble v. State,* 552 P.2d 142 (Alaska 1976) (maximum sentence of ten years upheld for conviction of lewd and lascivious acts towards a child; defendant considered worst-type of offender). Community condemnation of sexually abusive behavior is also an important factor to be considered in sentencing. *See State v. Jensen,* 650 P.2d 422, 425 (Alaska App.1982); *Lancaster v. State,* 550 P.2d 1257, 1258 (Alaska 1976). We find that the sentence is not clearly mistaken.[3] *McClain v. State,* 519 P.2d 811 (Alaska 1974).

The sentence is affirmed.

## DOE

John Doe customarily works as a laborer on the North Slope while his wife, his two

---

2. We note that the supreme court has consistently emphasized the importance of community condemnation in sexual assault cases. *See Mallott v. State,* 608 P.2d 737, 752 (Alaska 1980); *Lancaster v. State,* 550 P.2d 1257, 1259 (Alaska 1976); *Newsom v. State,* 533 P.2d 904, 911 (Alaska 1975). *See also State v. Jensen,* 650 P.2d 422, 425 (Alaska App.1982).

3. We note that the sexual assault legislation effective October 1, 1983, establishes a mandatory minimum sentence of eight years for a first-time, first-degree sexual assault. AS 12.-55.125(i)(1). *See Leuch v. State,* 633 P.2d 1006, 1014 n. 22 (Alaska 1981); *Whittlesey v. State,* 626 P.2d 1066, 1068 n. 5 (Alaska 1980).

sons, age four and age two, and his infant daughter, live in Fairbanks. On May 10, 1981, Doe's wife went to Fairbanks Memorial Hospital with her infant daughter who was seriously ill. Doe stayed home with his two sons. He slept in a bed with the two children that night and for his own sexual gratification engaged in sexual conduct with them. Doe inserted the handle of a hairbrush and then his finger into the anus of his four-year-old son. He apparently inserted the hairbrush into the anus of his two-year-old son, and instructed him to put his finger in Doe's anus as well. When Doe returned to the North Slope after the incident, the children complained to their grandmother, Doe's mother-in-law, who immediately took them to a physician. The doctor found no observable physical injury to either child, but nevertheless reported the incident to representatives of the Alaska Department of Health and Social Services, who instituted prosecution.

Doe initially denied any responsibility, but after failing a polygraph examination, he made a full statement to the police in which he admitted· his involvement with both children. Doe waived indictment and pled to an information charging him with one count of first-degree sexual assault based upon the conduct with his four-year-old son. The trial court requested a presentence report from the Division of Corrections and had Doe examined by a Fairbanks psychiatrist, Dr. Irvin A. Rothrock. Dr. Rothrock's report indicated substantial uncertainty as to the etiology of Doe's offense. Specifically, he noted two possible explanations, that Doe was a pedophile, in which case prognosis was poor, or, alternatively, that the incidents with his children were isolated and the result of peculiar stresses within Doe's marriage.

Steven D. Korenek, the probation officer who prepared the presentence report, recommended a five-year suspended sentence. He justified this recommendation by pointing out that Doe had no history of sexual aberration or continuing abuse of children and concluded that the incident was truly an isolated one. He stressed that Doe had no criminal record and had been a steady worker and good provider for his family. He discounted incarceration as unnecessary for rehabilitation or individual deterrence. He mentioned the stressful relationship in Doe's family and the ambiguous nature of Dr. Rothrock's diagnosis. He was aware of the need for strong community condemnation of sexual assaults on children, noting that deterrence of others and affirmation of community norms would suggest a sentence of incarceration, but he concluded that the advantages of a suspended sentence outweighed any disadvantages.

The trial court considered all of this information as well as a number of favorable letters received from Doe's relatives and friends. The court noted that Doe's wife was present in court and strongly urged against incarceration. The court expressed uncertainty about a proper sentence, and considered that incarceration would be likely to cause Doe to lose his well-paying job, thus jeopardizing his wife and children's support. The court adopted Mr. Korenek's findings that Doe had been a good worker, a good provider, had no prior criminal involvement, and that the incident appeared isolated and not likely to reoccur in the future. After consideration of all the facts and the importance of general deterrence and community condemnation for this kind of crime, the court, somewhat reluctantly, accepted the probation officer's recommendation and imposed a five-year suspended sentence. The court carefully reviewed and discussed the various sentencing standards articulated in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). The court specifically rejected Doe's argument that his offense was mitigated by the fact that his victims were his children. *See* AS 12.55.155(c)(18) (the fact that the offense is a crime specified in AS 11.41 and is committed against a family member may be considered by the sentencing court as an aggravating factor).

The trial judge carefully and thoughtfully considered the evidence in this case. He recognized the detrimental effect that Doe's incarceration and probable job loss would have on the future of the children who were Doe's victims. He found that the

acts which constituted Doe's offense, although considered sexual penetration under the law, were necessarily less serious than offenses characterized by sexual intercourse. He concluded that, since the offense was an isolated one caused by a stressful situation not likely to reoccur, Doe did not present any future risk to the public in general or to his family in particular.

■ Assuming all these conclusions to be correct and supported by the evidence, we nevertheless hold that a period of incarceration was mandatory for purposes of general deterrence and affirmation of community norms. In *Kompkoff v. State*, 626 P.2d 1091, 1091 n. 1 (Alaska App.1981), we said:

> We are unaware of a single case in which the supreme court has approved of a sentence for rape requiring no incarceration. To the contrary, three cases have expressly disapproved sentences requiring two years imprisonment or less as too lenient where the defendants were first offenders without significant backgrounds. *State v. Wassillie*, [578 P.2d 971, 975 (Alaska 1978)] (eighteen months too lenient); *State v. Lancaster*, 550 P.2d 1257, 1260 (Alaska 1976) (two years to serve too lenient); *State v. Chaney*, 477 P.2d 441, 444–47 (Alaska 1970) (one year to serve too lenient); *cf. Ahvik v. State*, 613 P.2d 1252 (Alaska 1980) (five years with two suspended appropriate sentences for rape where defendant was an 18-year-old first offender). We do not hold or imply that a sentence requiring no time to serve would never be appropriate; nor do we conclude that placement in a residential therapeutic community, as proposed by appellant's counsel, is the equivalent of no time to serve. The cases referred to above do, however, clearly indicate that a sentence of probation would be appropriate only under exceptional circumstances for a crime as grave as that of rape.

In *State v. Jensen*, 650 P.2d 422 (Alaska App.1982), we disapproved a sentence of straight probation for a seventeen-year-old whose crime was committed while he was a juvenile but resulted in his waiver to adult court. Jensen was convicted of attempted rape and robbery. The trial court specifically found that because of his age and circumstances a suspended sentence would advance his rehabilitation and pose no risk to the public. We disapproved the sentence as too lenient and stated:

> [W]e are not unmindful that substantial evidence was introduced at the waiver proceeding and at the sentence hearing indicating (1) that Jensen had made substantial progress toward rehabilitation during the nearly three months that elapsed between his arrest in Oklahoma and his sentencing in Alaska by addressing his alcohol problems and preparing for marriage; (2) that further incarceration would not help his rehabilitation and, due to his youth and immaturity, might well hinder it; and (3) that because of his rehabilitation while awaiting sentencing he was no longer a danger to the community.

*Id.* at 425. We concluded that a sentence of eighteen months to serve was the very least that could be justified on that record in view of the considerations of deterrence of others and the need to affirm community norms.

Finally, in a case having facts closer to the instant case, *State v. Jane Doe*, 647 P.2d 1107 (Alaska App.1982), we disapproved a sentence of straight probation for a woman who pled guilty to a charge of lewd and lascivious acts committed toward a child, former AS 11.15.134(a), a crime punishable by imprisonment for not more than ten years nor less than one year. A crime having this penalty would be a class B felony under existing law. *See* AS 12.55.-125(d). The evidence established that Jane Doe had, over a substantial period of time, acquiesced in her husband's sexual exploitation of her children, his step-children, and on a few occasions she had actively assisted him. The specific incident to which Jane Doe pled involved her permitting her teenage daughter to strap on a dildo and simulate sexual intercourse in which Jane Doe played the female role. This conduct could constitute a sexual assault in the first de-

gree under current law. *See* AS 11.41.-410(a)(4)(B) (first-degree sexual assault includes sexual penetration with a daughter who is under eighteen years of age), and AS 11.81.900(b)(52) ("sexual penetration" includes placing an object into the vagina of another person; each party to the acts defined as "sexual penetration" is considered to be engaged in "sexual penetration"). We recognized that Jane Doe's husband dominated her despite her college education and continuous professional employment at a good income, and that she played mainly a passive role in the victimization of her children. We specifically noted that assuming her husband received a substantial period of incarceration and thus was out of contact with her, there would be little likelihood that she would abuse the children in the future or present a danger to anyone else in the community. We concluded:

> We agree with the trial court that there are many factors which substantially mitigate Jane Doe's offense, however, as the trial court recognized, this is a most serious offense. The offense is particularly aggravated because of the great number of episodes of sexual abuse that occurred over a long period of time. We believe that it was necessary for the court to impose a term of imprisonment in order to express community condemnation of those who sexually abuse children.

647 P.2d at 1111.

We believe *Jane Doe* is controlling here. While neither Jane Doe nor John Doe forcibly engaged in sexual intercourse with their victims, they nevertheless engaged in serious sexual abuse of their children. While the three-year minimum sentence for rape implicit in the cases cited above might be inappropriate for Jane and John Doe, whose actions were on the borderline between sexual contact and sexual penetration, a sentence of at least ninety days' incarceration is necessary to affirm the community norm protecting children against sexual abuse by those responsible for their welfare.

Our choice of a ninety-day to three year minimum sentence to avoid a finding that the sentence imposed was too lenient, requires some explanation. *See State v. Jane Doe,* 647 P.2d at 1113 (Bryner, Chief Judge, dissenting). In establishing sentencing guidelines to cover cases not subject to presumptive sentencing, the Sentencing Guidelines Committee established by the supreme court treated sentences of 60 days or less as probationary sentences since it felt such a sentence was viewed in this way by the criminal justice community. Such a sentence is frequently referred to as "shock probation," since the defendant is placed in prison long enough to get a taste of what it is like but not long enough, it is felt, to suffer the adverse consequences of prison life. The Sentencing Guidelines Committee recommendations are discussed in *Leuch v. State,* 633 P.2d 1006, 1014 n. 22 (Alaska 1981). By specifying a sentence of 90 days or more we wished to clearly convey the fact that something more than "shock probation" is involved in order to serve the goals of general deterrence and affirmation of community norms without rejecting the trial court's conclusion that but for those goals a sentence of straight probation would be appropriate. Naturally, in this case, and in that of *Jane Doe,* a much greater sentence could be justified. We again note that under the current code, first time felony offenders convicted of first-degree sexual assault are now subject to an eight-year presumptive sentence with no suspended time. AS 12.55.125(i)(1).

Finally, our specification of an upper limit of three years in *Jane Doe* was based on the trial court's findings of fact which were based on disputed evidence. The *Jane Doe* record would have supported contrary findings of fact which would have warranted a sentence substantially in excess of three years, but we are bound by the clearly mistaken standard in evaluating trial court findings of historical fact. Thus, we accepted Judge Stewart's factual conclusion that Jane Doe's conduct was the result of her husband's imposition and her passive personality. *Cf.* AS 12.55.155(d)(3) (the defendant committed the offense under some degree of duress, coercion, threat or compulsion insufficient to constitute a complete

defense, but which significantly affected his conduct) and AS 12.55.155(d)(4) (the conduct of a youthful defendant was substantially influenced by another person more mature than the defendant).

As our later cases make clear, we apply a subjective standard in interpreting AS 12.-55.155(d)(3) and do not require that the person allegedly "coerced" act reasonably, *Bell v. State,* 658 P.2d 787 (Alaska App. 1983). While these mitigating factors were not expressly made applicable to Jane Doe, a first offender prosecuted under prior law, we concluded that while the case was very close, Judge Stewart was not clearly mistaken in finding on similar grounds that Jane Doe's offense was substantially mitigated.

We are not suggesting that there is no conceivable fact situation which would warrant a probationary sentence for one convicted of sexual assault. We recognize that there may be situations where evidence regarding consent by an adult is ambivalent, or where the law precludes a person by virtue of his or her age from consenting to sexual contact or penetration but the parties are so close to the ages specified in the statute exempting their conduct from regulation that the victim's legal inability to consent could be deemed more technical than real. But none of these considerations justifies a suspended sentence for one who engages in sexual penetration with a four-year-old child.

We note that a jail sentence in the cases of Doe and Langton would not break up a family since Doe and Langton were living apart from their families at the time they were sentenced. In this respect the cases are similar to *State v. Jane Doe,* 647 P.2d 1107, 1110 n. 11 (Alaska App.1982). We do not rule out the possibility that in a mitigated case of sexual assault, evidence that imposition of a jail sentence would break up an otherwise stable family and result in further psychological harm to the victims of the sexual assault, could justify the imposition of a probationary sentence. We recognize the sensitivity of these cases and realize that the trial judge must have broad discretion in this area. However, barring the strongest showing that the imposition of a probationary sentence was necessary, we believe that the seriousness of these offenses mandates a term of imprisonment.[4]

The sentence is disapproved.

## JOE

Melvin Joe sodomized a two-year-old child. On February 20, 1982, Joe had been drinking heavily for two days at the home of A.S. Joe claims to remember nothing of the incident, due to alcohol-induced amnesia, until he found himself in a fight with A.S.'s father after the latter discovered Joe with his pants down on the bed with the child, touching A.S.'s buttocks. Additional investigation and medical examination of A.S. revealed that the child had been sodomized. The child suffered pain and a minor rectal tear which healed in a few days, but had no permanent physical injury nor showed signs of mental or emotional injury.

Joe's prior criminal record consists of several alcohol-related misdemeanors, including driving while intoxicated and shop-

4. We reach our conclusion in this case reluctantly. In *State v. Jensen,* 650 P.2d 422 (Alaska App.1982), we expressed our disapproval of the state's appearing to acquiesce in a sentence in the trial court and vigorously attacking that sentence on appeal. In this case, the prosecution requested only that John Doe be given some time to serve, however, slight, in order to emphasize the community's condemnation of his crime. There is little doubt that the position taken by the state substantially influenced the sentencing judge to impose the sentence which he did. We find it ironic that the state now sees fit to appeal a sentence that was virtually predictable in light of the position which it took below. While we might prefer to dismiss this appeal and let the state shoulder responsibility for the sentence imposed, we do not think that such a course of action would be proper. The ultimate responsibility for imposition of an appropriate sentence is the sentencing court's; this is so regardless of the position taken by the prosecution at the sentencing hearing. Nevertheless, we believe it is worth noting that a more forceful presentation by the state might have resulted in a different sentence.

lifting. He has no history of molesting children. At the time of the offense, Joe had a good employment and educational background and a stable relationship with his wife and three children. Dr. Rothrock examined Joe and found no evidence of mental illness. He could not diagnose pedophilia based on the single incident and believed the incident was largely situational. In this regard his findings are similar to those he reached in John Doe's case. Judge Hodges found that Joe was a dangerous offender solely on the basis of this incident. He concluded that Joe was a worst offender because of the nature of his act (sexual penetration), the age of his victim, and the nature of the relationship between the victim and the assailant, *i.e.,* the finding that Joe was acting as a babysitter for the child at the time of the incident. We conclude that Judge Hodge's findings of fact do not justify a twenty-year sentence. *See* former AS 11.41.410(b) (first-degree sexual assault designated as a class A felony); former AS 12.55.125(c) (maximum sentence allowed for class A felonies—twenty years).

A dangerous offender is one who either engages in repetitive criminal conduct or can be diagnosed as one who will likely engage in repetitive criminal conduct in the future. *See Viveros v. State,* 633 P.2d 289, 291 (Alaska App.1981). There is nothing in this record to support a finding that Joe has engaged in similar conduct in the past or is likely to engage in such conduct in the future.

In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we stated: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." If the trial judge imposes a sentence on a first offender which exceeds the presumptive sentence for a second felony offender, such sentence can only be justified by reference to AS 12.55.155(c) (specific factors which justify aggravating a presumptive sentence), or by reference to AS 12.55.165–.175 (case may be referred to a three-judge panel when imposition of the

presumptive sentence would result in manifest injustice because of extraordinary circumstances). These aggravating factors or extraordinary circumstances must, at a minimum, be sufficiently verified. *See Nukapigak v. State,* 562 P.2d 697, 701 (Alaska 1977), *aff'd on rehearing,* 576 P.2d 982, 983–84 (Alaska 1978).

At the time Joe was sentenced, a first offender who committed a class A felony and used a firearm or caused serious physical injury during the offense was subject to a presumptive sentence of six years. AS 12.55.125(c)(1). Under this sentencing structure, a first offender cannot be sentenced to a term greater than the six-year presumptive sentence unless sufficiently verified facts indicate that the crime was more serious than one in which either a firearm is possessed or the victim suffered serious physical injury. An enhanced sentence would be justified either by the aggravating factors set out under AS 12.55.-155(c) or by extraordinary circumstances which would justify referring Joe to a three-judge panel if he were otherwise subject to presumptive sentencing.

In light of Joe's background and the circumstances of his crime, as a first offender he must receive a more favorable sentence than he would have received had this offense been his second felony conviction. We do not suggest that Joe and the facts of his crime should be compared with hypothetical second and third felony offenders. We will, however, look at the situation hypothesizing that Joe is a second offender and compare that to the actual case to ensure that his sentence as a first offender would not be greater. *See Erhart v. State,* 656 P.2d 1199, 1202 (Alaska App. 1982). A judge sentencing a first offender convicted of a class A felony may impose a sentence of up to six years based solely on an analysis of the *Chaney* factors. Where the sentence exceeds six years, the court must further evaluate the same offender and the same offense on the hypothesis that the offender used a firearm, caused serious physical injury or was a second or third offender to ensure that the presumptive

term, properly aggravated, would not be less. In so doing, the court should consider the guidelines established in *Juneby v. State,* 641 P.2d 823 (Alaska App.1982).

■ In the instant case, the trial court found three aggravating factors: (1) Joe subjected the child to anal intercourse rather than merely masturbation; (2) the child was only two years old; and (3) Joe was apparently babysitting the child at the time of the incident. *See* AS 12.55.155(c)(5) (victim particularly vulnerable because of extreme youth); AS 12.55.155(c)(10) (conduct among the most serious included within the definition of the offense). Except for the first factor, all were present in the case of John Doe, whose background and offense are strikingly similar to Joe's. Taken together, all these factors would warrant aggravation of a presumptive sentence.[5] *Cf. Mallott v. State,* 608 P.2d 737 (Alaska 1980) (an alcoholic defendant, with no prior record, raped a three-year-old child while intoxicated and was prosecuted under former AS 11.15.130(a) which permitted a sentence to any term of years for such conduct; sentence of thirty years with fifteen years suspended held not to be excessive). But they would not, under the guidelines for applying aggravating factors established in *Juneby,* permit aggravation to the maximum sentence exceeding the presumptive sentence for a third offender. *See Hansen v. State,* 657 P.2d 862 (Alaska App.1983);

*Qualle v. State,* 652 P.2d 481, 485–86 (Alaska App.1982). In *Seymore v. State,* 655 P.2d 786 (Alaska App.1982), we approved a twenty-year sentence for a nominal first offender who had engaged in a continuous course of sexual abuse over a long period of time and for that abuse had received a prior suspended imposition of sentence. Construing this record most favorably to the state, the maximum sentence which could properly be imposed upon Joe should not exceed ten years. Such a sentence would equal the presumptive sentence for a second offender in terms of actual incarceration. *See Hansen v. State,* 657 P.2d 862 (Alaska App. 1983).

The sentence is vacated and the case is remanded for resentencing.

## CONCLUSION

Langton, Doe and Joe were convicted of sexual assaults of children. Of the three, Langton was the worst offender since he committed many separate assaults over a long period of time. Doe assaulted two children on one occasion and Joe committed a single assault. In all other respects, the offenses are virtually indistinguishable. In a rational system seeking to eliminate disparity and attain reasonable uniformity, Langton should have received the most severe sentence and Doe and Joe similar and substantially less severe sentences.[6] In ac-

---

**5.** We recognize that statutory mitigating factors, AS 12.55.155(d) might also be present and that the aggravating factors we have noted were not proved in the manner the statute would require if this case were subject to presumptive sentencing. This criticism is applicable to a number of our decisions in which we have affirmed sentences for first offenders exceeding presumptive terms for second offenders. *See, e.g., Seymore v. State,* 655 P.2d 786 (Alaska App.1982). Our decisions reflect our recognition that the legislature specifically exempted first offenders from presumptive sentencing. The aggravating and mitigating factors, while highly relevant, are not controlling and the "clearly mistaken" standard of review leaves the trial courts with substantial discretion in dealing with first offenders which they do not have in sentencing second and subsequent offenders.

**6.** The writer would disapprove the sentence in *Langton* without modifying it on the theory that the power to increase a sentence *sua sponte* on the defendant's appeal carries with it the lesser power to disapprove the sentence *sua sponte.* Given Langton's repetitive conduct over a four-year period and his failure to seek help when his assaults were discovered, culminating in a forceable rape, I would hold that a sentence of less than ten years' imprisonment was too lenient and a sentence of up to fifteen years appropriate. *See Seymore v. State,* 655 P.2d 786 (Alaska App.1982). Nothing in the record suggests, let alone establishes, any factors in mitigation. Langton's interest in seeking a reduction lead him to search the record for any favorable indications which might be relevant to a decision whether or not to disapprove a sentence as too lenient.

I concur with the court that the aggravating factors found in Joe warrant a sentence in

tuality, Langton received a much less severe sentence than Joe, and Doe received no period of imprisonment at all. While we have modified two of the sentences, the modified sentences still leave substantial disparity in place. This unsatisfactory result is a necessary concommitant of the substantial trial court discretion which still exists for first-felony offenders where the ultimate decision must rest upon an application of the clearly mistaken standard.[7]

The sentence in Langton is AFFIRMED. The sentence in John Doe is DISAPPROVED. The sentence in Joe is VACATED and his case is REMANDED for resentencing. On remand, Joe's sentence should not exceed ten years.

excess of six years, the presumptive term for a violent sexual offender, but not one in excess of the ten-year presumptive term reserved for second felony offenders. *See Hansen v. State*, 657 P.2d 862 (Alaska App.1983) (disapproving sentence in excess of ten years in partial reliance on ABA standards). If Joe were a second felony offender, I do not believe those aggravating factors would have justified a sentence in excess of the fifteen-year sentence reserved for third felony offenders. A first offender committing an aggravated offense should, other things being equal, receive a sentence less than a second offender committing the same aggravated offense.

Doe, whose case apparently does not fall within any of the statutory mitigating factors, should have received a sentence in excess of the three-year minimum sentence previously implicitly established for those convicted of first-degree sexual assault, *see State v. Jensen*, 650 P.2d 422 (Alaska App.1982), but no greater than the maximum sentence justifiable for Joe, ten years. Such a result makes some sense out of these three cases and might be of some assistance to trial judges sentencing in the future.

7. This judicial discretion has been substantially reduced by the current eight-year presumptive sentence for first-time felony offenders convicted of first-degree sexual assault. AS 12.55.-125(i)(1). This sentence is subject to aggravation or mitigation and in exceptional cases, reference to a three-judge panel. AS 12.55.-155–.175.