v.

**STATE of Alaska, Appellee.**

**E.E.G., Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. 7838, 7866.**

Court of Appeals of Alaska.

Nov. 4, 1983.

Jonathon Katcher, Asst. Public Defender and Dana Fabe, Public Defender, Anchorage, for S.M.

Alan Higbie, Lynch, Farney & Crosby, Anchorage, for E.E.G.

Elizabeth H. Sheley, Asst. Dist. Atty., and Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Between April and August 1982, S.M. and her lover, E.E.G., engaged in group oral sex with S.M.'s four-year-old son, R.M. E.E.G. and S.M. pled *nolo contendere* and were convicted of one count each of first-degree sexual assault. AS 11.41.410(a)(3). Judge Buckalew sentenced E.E.G. to eight years' imprisonment and S.M. to six years with two suspended. E.E.G. and S.M. contend on appeal that their sentences are excessive.

E.E.G. is forty-six years old. He has no prior felony convictions. The record reflects, however, that he had engaged in sexual activities with his own minor children in the past which resulted in some intervention by state agencies. He contends that he acquiesced in the sexual activity instigated by S.M.'s four-year-old child and that he was intoxicated at the time.

S.M. is twenty years old. Her son was born out of wedlock when she was sixteen years of age. She has a juvenile record for burglary, trespass and related property of-

fenses. She apparently did well on juvenile probation and was not under supervision at the time of the instant offense. The trial court found that she was under the domination of E.E.G., thereby justifying a disparate sentence. S.M. indicates that she is very much in love with E.E.G. and hopes to marry him when the two are released from incarceration.

R.M. is currently five years of age. He is in the custody of his grandparents and receiving psychological counseling. He grieves for his mother and is hurt by her absence. He apparently is suffering chronic depression as a result of the enforced separation.

Judge Buckalew carefully considered the offenses and the relative responsibility of the two defendants. He concluded that both were responsible for their acts but

that E.E.G., because of his greater age and maturity, should serve a longer sentence. E.E.G.'s eight-year sentence and S.M.'s six-year sentence with two years suspended are not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). They are within the range of sentences appropriate for the conduct involved. *See Langton v. State,* 662 P.2d 954 (Alaska App..1983); *State v. Jane Doe,* 647 P.2d 1107 (Alaska App.1982).[1]

The sentences of the superior court are AFFIRMED.

1. We do not read Judge Buckalew's findings regarding S.M. as being as favorable to her as Judge Stewart's findings regarding Jane Doe. Therefore, our suggestion of an upper limit of three years for Jane Doe would be inapplicable to this case.