Kurt C. CORDES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–124.

Court of Appeals of Alaska.

Feb. 17, 1984.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth S. Roosa, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Kurt C. Cordes pled no contest and was convicted of one count of sexual assault in the first degree. AS 11.41.410(a)(3). His victim was his six-year-old stepdaughter. Cordes concedes four separate incidents, including anal intercourse and fellatio. The district attorney recommended a sentence of eight years with four years suspended. Cordes joined in this recommendation. Judge Blair rejected the recommendation and sentenced Cordes to serve a term of ten years with two years suspended. Judge Blair noted that the legislature has amended the presumptive sentencing statutes since Cordes's offense to provide an eight-year presumptive sentence. *See* AS 12.55.125(i). Judge Blair specifically found that the new eight-year presumptive sentence was not applicable to Cordes, but also found two statutory aggravating factors which would have been applicable if the case was subject to presumptive sentencing. *See* AS 12.55.155(c)(5) (the victim is particularly vulnerable); AS 12.55.155(c)(10) (defendant's conduct was among the most serious within the definition of the offense).

Cordes appeals his sentence contending that it is excessive. He relies primarily on the three cases discussed in *Langton v. State*, 662 P.2d 954 (Alaska App.1983). He points out that his situation is similar to that of John Doe whose sentence of straight probation we disapproved as too lenient. He points out that we found that a ninety-day to three-year minimum sentence was appropriate. *Id.* at 959. He distinguishes his case from that of Langton for whom we approved a sentence of ten years with four years suspended.

Cordes overlooks the third case in the *Langton* trilogy, which involved facts similar to Cordes's offense. Melvin Joe was convicted of sexual assault in the first degree for sodomizing the two-year old son of an acquaintance. He received a sentence of twenty years in prison. We found the sentence too severe and specified that it could not exceed ten years in prison. *Id.* at

962. While Joe committed a single offense, Cordes concedes four separate incidents. Like Joe's victim, Cordes's victim suffered pain but no permanent physical injury. Joe's only criminal history consisted of unrelated alcohol offenses. Cordes's record similarly contains a series of relatively minor offenses. Dr. Rothrock examined Joe and found no evidence of mental illness and was not able to diagnose pedophilia. Joe and Cordes seem similar in this regard, although there is some question about Cordes's emotional stability.

When evaluating Joe's sentence, we recognized that the six-year presumptive sentence reserved for those who used a firearm or caused serious physical injury provided an upper limit for all first offenders convicted of first-degree sexual assault unless the trial court found aggravating factors. We noted that the trial court found three aggravating factors: (1) Joe subjected the child to anal intercourse rather than merely masturbation; (2) Joe's victim was only two years old; and (3) Joe was apparently baby-sitting the child at the time of the incident. 662 P.2d at 962. *See* AS 12.55.155(c)(5); AS 12.55.155(c)(10).

Judge Blair made similar findings in this case. Our decision regarding Joe is therefore controlling. A sentence of ten years with two years suspended, while approaching the upper limit, is not clearly mistaken. *See McClain v. State,* 519 P.2d 811 (Alaska 1974).

The sentence of the superior court is AFFIRMED.