**STATE of Alaska, Appellant,**

v.

**George COUEY, Appellee.**

**No. 7776.**

Court of Appeals of Alaska.

May 4, 1984.

Elizabeth H. Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Dennis P. James, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

George Couey pled no contest to an information charging him with two counts of first-degree sexual assault, former AS 11.-41.410(a)(4). At the time of his offense, first-degree sexual assault was a class A felony with a maximum sentence of twenty years. Former AS 11.41.410(b); former AS 12.55.125(c). Judge Beverly Cutler imposed two concurrent five-year sentences with four years suspended. Thus, Couey received a sentence of one year to serve. Couey's probation conditions required him to undergo mental health counseling and alcohol monitoring. The state appeals, contending that the sentence imposed was too lenient. We agree.[1]

Couey sexually assaulted his eleven-year-old stepdaughter, S.M., several times. He was originally charged with nine counts of first-degree sexual assault based upon S.M.'s allegations that Couey had engaged in both digital and genital intercourse with her. These offenses occurred over a period of one and one-half years, and happened while Couey, S.M., and her nine-year-old brother, R.M., were on camping trips. S.M. verbally resisted the assaults; Couey threatened that he would tell her mother that she was engaging in sexual activity with boys at school if she reported the behavior. On at least one occasion, R.M. was in the same room when Couey assaulted S.M., and heard his sister protesting to Couey.

Couey was forty-four years old at the time of sentencing. He married S.M.'s mother in 1974. Couey has an alcohol problem and was apparently intoxicated at the time of the assaults. Although he has no prior felony convictions, his record includes two alcohol-related misdemeanors. The eighteen-month period during which the assaults occurred apparently corresponded to a period of heavy drinking and marital problems.

Couey began attending Parents United meetings shortly after he was charged with the offense.[2] Couey was apparently doing well in that organization at the time of sentencing. In a letter to the sentencing court, he accepted full responsibility for the offenses and expressed remorse. A psychological evaluation indicated that Couey has a low to average range of intellectual functioning; although he expressed a strong desire for treatment, the prognosis for psychotherapy was "guarded."

---

**1.** In *State v. Brinkley,* 681 P.2d 351, 352 n. 1 (Alaska App.1984), we said:

> When the state appeals, contending that a defendant's sentence is too lenient, this court cannot modify the sentence actually imposed; we are authorized only to express approval or disapproval of the sentence appealed by the state. AS 12.55.120(b). The purpose of our review is to provide guidance to trial courts in imposing sentences in similar cases in the future. Thus, in a sense this appeal is moot because the legislature has substantially reduced judicial discretion by enacting an eight-year presumptive sentence for first-time felony offenders convicted of first-degree sexual assault. AS 12.55.125(i)(1). Although subject to aggravation or mitigation, this sentence may not be reduced below four years' incarceration unless the trial court finds exceptional circumstances and refers the matter to a three-judge panel. AS 12.55.155–.175. The state has argued, however, that it is currently

contemplating filing charges against a substantial number of parents for recently disclosed sexual abuse of their children occurring as much as five years ago. *See* AS 12.10.-010 (providing a five-year statute of limitations). *Cf.* AS 12.10.020(c) (providing that a prosecution under AS 11.41.410–.460 for an offense committed against a person under the age of sixteen may be commenced within one year after the crime is reported to a peace officer or the person reaches the age of sixteen, whichever occurs first, but not extending the period of limitation to more than five years). Given the number of incest cases presently pending in the trial courts which will require sentencing under former law, we have elected to publish an opinion in this case.

**2.** Parents United is a volunteer self-help organization for those who have been involved in sexual abuse of children.

Helen Craig, S.M.'s therapist, indicated to the presentence officer that S.M. was confused and angry as a result of the offenses. Craig indicated that main effect of the incest on S.M. was that she was more sexually knowledgeable than her contemporaries and that she felt defensive and distrustful of her stepfather. S.M. moved out of Alaska to live with her natural father before Couey's sentencing.

After Couey was charged, he was required to live out of the home until S.M. left Alaska. At the time of sentencing, the rest of the family was living together. Mrs. Couey testified at Couey's sentencing that she wanted to salvage the marriage. She was worried about the financial hardship that Couey's incarceration would cause. Couey is a truck mechanic with a fairly regular employment history. Although laid off from his last job due to lack of work, according to the presentence report he was actively looking for work.

In sentencing Couey, Judge Cutler emphasized deterrence and reaffirmation of societal norms. She noted that the victim was very young and that she had resisted the assaults. Judge Cutler also pointed out that the conduct was repetitive and that it had affected not only the victim but the entire family.

The state contends on appeal that a more severe sentence was required. The state argues that Judge Cutler erred in failing to consider the new eight-year presumptive sentence for first-degree sexual assault. AS 12.55.125(i)(1). We have acknowledged the new presumptive terms for first-degree sexual assault in evaluating sentences on appeal. *See, e.g., Langton v. State*, 662 P.2d 954, 959 (Alaska App.1983). However, the new presumptive sentences are merely the most recent expression of legislative intent. *See Qualle v. State*, 652 P.2d 481, 485 (Alaska App.1982). Although useful and relevant, they do not control. *See Sundberg v. State*, 652 P.2d 113, 116 (Alaska App.1982). Judge Cutler commented that "even though we now have a different penalty for this offense [Couey] still [has] to be sentenced in light of what the penalty was at the time [he] committed the offense." We agree with Judge Cutler that the new sentencing norms are primarily relevant in evaluating affirmation of community norms, one of the *Chaney* sentencing criteria, and do not eliminate the trial judge's responsibility to consider the other *Chaney* criteria, *i.e.*, rehabilitation, isolation, deterrence of the defendant and deterrence of others.

The state also relies on *Langton* and *State v. Jane Doe*, 647 P.2d 1107 (Alaska App.1982), for the proposition that the sentence imposed here was too lenient. In *State v. Brinkley*, —— P.2d ——, Op. No. 361 (Alaska App., April 27, 1984), we surveyed our decisions and those of the supreme court regarding appropriate sentences for sexual assaults involving children. We concluded that there are three ranges of sentences for first offenders not subject to presumptive sentencing. The appropriate range in any given case depends upon the severity of the conduct and the availability of statutory aggravating and mitigating factors. The first category consists of highly mitigated offenses which warrant sentences of ninety days to three years' incarceration. The second category consists of typical offenses, which are neither mitigated nor aggravated, and warrant sentences of three to six years. Finally, the third category, aggravated offenses, warrants sentences in excess of six years. Before imposing a sentence of less than three years the trial court should be able to point to statutory mitigating factors or extraordinary circumstances warranting a mitigated sentence. Alternatively, before imposing a sentence of six years or more, the sentencing court should be able to point to statutory aggravating factors or extraordinary circumstances justifying an aggravated sentence.

The sentence imposed upon Couey falls within the mitigated range. There is nothing in the record, however, that would support classifying Couey in that range. Unlike the defendant in *State v. Morris*, 680 P.2d 1190 (Alaska App.1984), a mitigated sentence was not required to prevent

psychological damage to the victim or to enable the victim to continue to reside in an integrated family. The record establishes that S.M. has left the family and lives with her natural father. Nor does the absence of force mitigate Couey's offense. Where there is substantial evidence that intercourse was accomplished without a child victim's consent, the offense should be treated as aggravated. Here the evidence indicates that the victim resisted and that her resistance was overcome by threats. Judge Cutler did not specifically reject this evidence. In summary, given the number of assaults, the circumstances surrounding the assaults, and the fact that the victim has left the defendant's home, a sentence of at least three years' imprisonment should have been imposed.

The sentence of the superior court is DISAPPROVED.