James **GOENETT**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–363.

Court of Appeals of Alaska.

Feb. 22, 1985.

Margaret W. Berck, Asst. Public Defender, Juneau, and Dana Fabe, Public Defender, Anchorage, for appellant.

Richard Svobodny, Dist. Atty., and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

James Goenett was originally charged with three counts of sexual assault in the first degree, in violation of AS 11.41.-410(a)(1). He was convicted of one count upon entering a plea of no contest; the two remaining counts were dismissed. At the time of Goenett's crime first-degree sexual assault was a class A felony, punishable by a maximum term of twenty years. Presumptive sentences of ten and fifteen years were prescribed for second and subsequent felony offenders.[1] Goenett was a first felony offender and thus was not subject to presumptive sentencing. Superior Court Judge Rodger W. Pegues sentenced Goenett to fifteen years' imprisonment. Goenett appeals, contending that his sentence was excessive. We affirm.

On appeal, Goenett relies on *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981), in which we held: "normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule

should be violated only in an exceptional case." In *Peetook v. State*, 655 P.2d 1308, 1310 (Alaska App.1982), we elaborated on the circumstances in which a case could properly be considered exceptional for purposes of applying the *Austin* rule:

[I]n deciding whether a first felony offense is exceptional under *Austin*, it is appropriate for the sentencing court to determine whether any of the aggravating factors specified in AS 12.55.155(c) apply to the case at hand or whether any additional, unspecified aggravating factors exist that would constitute extraordinary circumstances under AS 12.55.165 and that would warrant referral of the case to a three judge sentencing panel if presumptive sentencing applied.

*See also Langton v. State*, 662 P.2d 954, 961 (Alaska App.1983).

In this case, Goenett argues that his offense was not an exceptionally aggravated first-degree sexual assault and that he was therefore entitled to receive a sentence more favorable than the presumptive ten-year term that would have been applicable had he been a second felony offender. We disagree.

Although Goenett was convicted of only one count of sexual assault, it is undisputed that his conviction reflected a continuous pattern of similar offenses that Goenett committed against his stepson, S.J.M. Goenett first sexually assaulted S.J.M. when the boy was only six years old. He continued to assault S.J.M. regularly, as often as once a week, until S.J.M. was thirteen years old—a period of more than six years. The assaults occurred at Goenett's home.

In each instance Goenett would force S.J.M. to participate in acts of fellatio and sodomy by beating him about the face and body. The assaults were extremely painful to S.J.M. and the acts of sodomy often caused rectal bleeding. S.J.M. suffered serious and apparently lasting emotional

---

1. Since Goenett committed his offense, sexual assault in the first degree has been redesignated as an unclassified felony, punishable by a maximum term of thirty years and by presumptive terms of eight, fifteen, and twenty-five years for first, second, and subsequent felony offenders. *See* AS 11.41.410; AS 12.55.125(i).

damage as a result of Goenett's prolonged series of sexual assaults.

In imposing Goenett's sentence, Judge Pegues found that Goenett's offense was exceptionally serious. We believe Judge Pegues' conclusion to be well-founded. There appear to be several statutory aggravating factors that could be applied to Goenett if he were subject to presumptive sentencing. *See, e.g.,* AS 12.55.155(c)(1) (physical injury to the victim); AS 12.55.155(c)(5) (victim vulnerable or incapable of resisting due to extreme youth); and AS 12.55.155(c)(18) (victim a member of the social unit living with the defendant). Moreover, the frequency of Goenett's assaults, the lengthy period over which they occurred, and the severe emotional damage that he inflicted are extraordinary circumstances that might justify referral to a three-judge sentencing panel if presumptive sentencing applied.[2]

We have previously approved lengthy sentences for first offenders convicted of particularly serious sexual assaults. *See, e.g., Peetook v. State,* 655 P.2d 1308 (Alaska App.1982) (approving sentence of twenty years with five years suspended for an aggravated single episode of first-degree sexual assault).[3] In *Langton v. State,* 662 P.2d 954 (Alaska App.1983), we considered challenges to the sentences imposed in three separate cases of first-degree sexual assault. Melvin Joe, the defendant in one of the cases, was a first offender who had received a maximum term of twenty years' imprisonment for committing a single act of sodomy on a young child. After considering the totality of the circumstances, we held Joe's sentence excessive and ordered it reduced to ten years' imprisonment.

In terms of their prior criminal history, personal background and underlying motivation, Goenett and Melvin Joe appear to be similarly situated offenders. While Joe's offense was more serious in that it involved a two-year-old child, this factor is somewhat offset by the greater extent of violence employed by Goenett, as well as by the physical and emotional injuries suffered by Goenett's victim. Goenett's offense appears to be comparable in seriousness to Joe's in all respects but one: Goenett's crime was part of a long and continuous pattern of sexual abuse.

Given Goenett's lengthy history of violent sexual assaults against S.J.M., we believe that his conduct must be regarded as being substantially more serious than the conduct involved in Joe's case;[4] a sentence that substantially exceeds the ten-year term received by Joe is therefore justified in this case.

Having independently reviewed the totality of the sentencing record, we cannot say that Judge Pegues was clearly mistaken in sentencing Goenett to a term of fifteen years' imprisonment.

The sentence is AFFIRMED.

---

**2.** Alternatively, these circumstances could have been viewed by Judge Pegues, in conjunction with the specific statutory aggravating factors established by the evidence, as justifying a conclusion that Goenett's assault was among the most serious within the definition of the offense. *See* AS 12.55.155(c)(10).

**3.** *Compare Ecker v. State,* 656 P.2d 577 (Alaska App.1982) (six-year sentence approved for sexual assault involving lengthy pattern of incest with victim, a child who suffered serious psychological damage), *with Smith v. State,* 691 P.2d 293 (Alaska App.1984) (approving fifteen-

year sentence for first offender convicted of two separate acts of forcible rape).

**4.** In *Langton,* 662 P.2d at 961, we stated:

A dangerous offender is one who either engages in repetitive criminal conduct or can be diagnosed as one who will likely engage in repetitive criminal conduct in the future. *See Viveros v. State,* 633 P.2d 289, 291 (Alaska App.1981). There is nothing in this record to support a finding that Joe has engaged in similar conduct in the past or is likely to engage in such conduct in the future.