**John ECKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6726.**

Court of Appeals of Alaska.

Dec. 23, 1982.

Rich Zahniser, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mary Anne Henry, Dist. Atty., Ketchikan, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Ecker was convicted of sexual assault in the first degree. AS 11.41.410(a)(4). His victim was his twelve-year-old adopted daughter. Evidence presented at the hearing established that Ecker had been sexually molesting the victim for five years and engaging in full penetration with her two or three times a week for the past two years. The trial court found Ecker's case to be one of the worst of its class and sentenced him to a period of six years' imprisonment with no part of the sentence suspended. Ecker is to be eligible for parole at the discretion of the Parole Board. Ecker appeals his sentence contending that it is excessive. Specifically, he contends that the six-year presumptive sentence specified in AS 12.55.125(c)(1) for offenders who use a firearm or cause serious physical injury

creates a ceiling which cannot be exceeded in the absence of a finding of extraordinary circumstances. The trial court concluded that the substantial psychological damage suffered by the victim coupled with the substantial duration of the sexual abuse made Ecker's case among the most serious of its class. *See* AS 12.55.155(c)(10). Based on this finding, the court concluded that Ecker deserved a sentence equal to one that could have been imposed on an offender who used a firearm or caused serious physical injury to an older victim as a result of a single isolated assault.

The trial court carefully considered the *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970). The sentence imposed is potentially more lenient than a presumptive six-year sentence imposed on a first offender who causes serious physical injury or possesses a firearm since Ecker is eligible for parole and one presumptively sentenced is not. Given the trial court's fact findings, which are amply supported in the record, we hold that the sentence imposed was not clearly mistaken. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

The sentence of the superior court is AFFIRMED.