**Lazarus TAZRUK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 6954.

Court of Appeals of Alaska.

Dec. 30, 1982.

Joel H. Bolger, Asst. Public Defender, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

Larry C. Zervos, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Lazarus Tazruk was convicted in a jury trial of attempted sexual assault in the first degree, AS 11.41.410. He was sentenced by Judge Jay Hodges to eight years with five years suspended. He appeals this sentence as excessive. We affirm.

Tazruk is fifty-seven years old and has no prior felony convictions. He argues on appeal that his sentence exceeds the presumptive sentence which a second offender would receive. *Austin v. State*, 627 P.2d 657 (Alaska App.1981). Attempted sexual assault in the first degree is a class B felony, and the presumptive sentence which a second offender would receive is four years. AS 11.41.410; AS 11.31.100(d)(2); AS 12.55.125(d)(1).

■ We conclude that a sentence of eight years with five suspended is not greater than the presumptive sentence of four years for purposes of applying the *Austin* rule. When we evaluate a sentence we consider the whole sentence including suspended time. However, in evaluating whether a sentence is in excess of the presumptive sentence which a second felony offender would receive, our primary focus should be on that portion of the sentence which imposes a period of incarceration. By that standard, the three years of imprisonment to which Tazruk is sentenced is less than the four years which a second felony offender would receive. In the event that the suspended portion of Tazruk's sentence is later imposed, he would be entitled to bring a sentence appeal at that time. We conclude that Tazruk's sentence does not violate the *Austin* rule.

■ We also conclude that Tazruk's sentence is not clearly mistaken under the standards set forth in AS 12.55.005, which codifies the *Chaney* sentencing criteria.[1] The evidence indicates that Tazruk attacked his victim, C.K., with the intent to rape her. C.K. was cut and bruised in an apparently violent attack. The attack was apparently ended when some people came out from a nearby home and Tazruk ran away. There was testimony that Tazruk used a knife in the attack, although we note that the trial judge specifically did not resolve the dispute as to whether a knife was used. Given the nature of the offense, we find that Judge Hodges was not clearly mistaken in imposing the sentence of eight years with five years suspended.

The sentence is AFFIRMED.

---

1. *State v. Chaney,* 477 P.2d 441 (Alaska 1970).