**Steven M. MINCHOW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–15.**

Court of Appeals of Alaska.

Oct. 21, 1983.

H. Conner Thomas, Asst. Public Defender, Nome, and Dana Fabe, Public Defender, Anchorage, for appellant.

James V. Gould, Dist. Atty., Nome, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Steven M. Minchow was convicted of murder in the second degree, AS 11.41.-110(a)(2), an unclassified felony, AS 11.41.-110(b), punishable by a sentence of five to ninety-nine years, AS 12.55.125(b). He received a sentence of thirty years with parole at the discretion of the parole board. He appeals contending that the sentence is too severe. We affirm.

On September 6, 1982, Minchow shot and killed Bruce Hayes. Minchow had been drinking at a Nome bar and became involved in two fistfights which were broken up by bystanders. Angered at this, he went home, got his gun and returned to the bar. According to Minchow, while he was drinking he was accosted by Hayes who expressed an interest in fighting. When Hayes reached for his pocket, Minchow grabbed his gun and shot and killed Hayes. A search of Hayes revealed that he had no weapon. Minchow was intoxicated at the time.

Minchow has a criminal record for assault-related crimes but no felony record. He has a drinking problem.

The state recommended a sentence of forty-five years and the defense requested a sentence of twenty-two years or less. Judge Tunley carefully considered the rec-

ord including the circumstances of the offense and Minchow's history of assaultive behavior. Judge Tunley mentioned each of the *Chaney* criteria. *See State v. Chaney,* 477 P.2d 441 (Alaska 1970). *See also* AS 12.55.005. Finally, Judge Tunley discussed the guidelines we suggested for sentencing second-degree murder offenders in *Page v. State,* 657 P.2d 850, 855 (Alaska App.1983) (establishing a target sentence of twenty to thirty years in the absence of statutory aggravating or mitigating factors). Judge Tunley noted that neither the state nor the defense had argued that any aggravating or mitigating factors existed. He concluded that Minchow was not a worst offender but that in light of the facts of the case (Minchow's return with a loaded gun to a bar after an earlier fight) and his history of misdemeanor assaults, Minchow should be sentenced at the upper end of the target range for second-degree murder sentences.

The record supports Judge Tunley's conclusions. The sentence imposed was not clearly mistaken. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

Judge Tunley is to be commended for his careful consideration of this case. He explained in detail his reasons for the sentence. His remarks, in our opinion, reflect a thorough understanding of the goals of sentencing and provide an excellent example for others engaged in the sentencing process.

The sentence of the superior court is AFFIRMED.