**STATE of Alaska, Appellant,**

v.

**William MORRIS, Appellee.**

No. 7771.

Court of Appeals of Alaska.

May 4, 1984.

Elizabeth H. Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Jean S. Schanen, Wasilla, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

William Morris was charged with five counts of sexual assault in the first degree. Former AS 11.41.410(a)(4)(B). Morris eventually entered a plea of guilty to one count of sexual assault in the first degree, a class A felony punishable by a maximum sentence of twenty years' imprisonment. Former AS 11.41.410(b); former AS 12.55.-125(c). Judge Cutler sentenced Morris to five years' imprisonment with five years suspended and ordered Morris to perform forty hours of community service work per year for five years. The state appeals, contending that Morris's sentence is too lenient.[1] We affirm.

---

1. In *State v. Brinkley*, 681 P.2d 351, 352, n. 1 (Alaska App.1984), we noted:

Morris's conviction arose out of a sexual relationship he had with his fourteen-year-old stepdaughter, P.B. The victim stated that she and Morris engaged in sexual intercourse approximately thirty-five times between May and September of 1981. Morris estimated that there were eight sexual episodes. Apparently, no force was used. During an interview conducted by the probation officer for the presentence report, the victim stated: "We both knew it was wrong. We wanted to stop, but we didn't know how ...."

Morris married the victim's mother in 1978. At the time of the offense, he was forty-three years of age. He had no adult criminal record, and there is no indication in the record that his current offenses were alcohol or drug related. Morris was severely injured in an accident in 1977 and has since been only sporadically employed. This left Morris, P.B., and P.B.'s twelve-year-old brother together in the house for considerable periods of time. The activity from which Morris's conviction arose occurred at home while Mrs. Morris was at work.

Judge Cutler found that Morris showed substantial promise for rehabilitation. Prior to this case coming to the attention of the authorities, the Morris family presented themselves voluntarily at the community counseling center for therapy. Paula Leven, the Morrises' therapist, characterized the family as "outstanding in their motivation to work out their problems." She

additionally stated that Morris has responded well to therapy and shows clear changes in his behavior. She concludes that the changes have been sufficiently fundamental so that there is little likelihood of the incest occurring again.

At the sentencing hearing, the prosecutor requested that Morris receive "some jail time," but conceded that Morris had "done everything humanly possible to avoid this tragedy again and to set the family straight." The prosecutor suggested periodic sentencing whereby Morris could serve any jail time on the weekends.

Paul Tannenbaum, the probation officer who prepared the presentence report, testified at the sentencing hearing. He stated that, although he had recommended a period of incarceration in the report, he did not feel that a lengthy term of imprisonment was appropriate. He stressed the fact that the family was making a good attempt to remain together and that the victim appears to have adjusted relatively well. The family was allowed to remain together throughout the proceedings and Morris's psychotherapist did not believe this posed an inappropriate threat to P.B. The defense argued for a probationary sentence, emphasizing the financial hardship to the family that would result from Morris's incarceration.

Judge Cutler mentioned each of the *Chaney* criteria. *State v. Chaney*, 477 P.2d 441 (Alaska 1970). She apparently accept-

When the state appeals, contending that a defendant's sentence is too lenient, this court cannot modify the sentence actually imposed; we are authorized only to express approval or disapproval of the sentence appealed by the state. AS 12.55.120(b). The purpose of our review is to provide guidance to trial courts in imposing sentences in similar cases in the future. Thus, in a sense this appeal is moot because the legislature has substantially reduced judicial discretion by enacting an eight-year presumptive sentence for first-time felony offenders convicted of first-degree sexual assault. AS 12.55.125(i)(1). Although subject to aggravation or mitigation, this sentence may not be reduced below four years' incarceration unless the trial court finds exceptional circumstances and refers the matter to a three-judge panel. AS 12.55.155–.175. The

state has argued, however, that it is currently contemplating filing charges against a substantial number of parents for recently disclosed sexual abuse of their children occurring as much as five years ago. *See* AS 12.10.-010 (providing a five-year statute of limitations). *Cf.* AS 12.10.020(c) (providing that a prosecution under AS 11.41.410–.460 for an offense committed against a person under the age of sixteen may be commenced within one year after the crime is reported to a peace officer or the person reaches the age of sixteen, whichever occurs first, but not extending the period of limitation to more than five years). Given the number of incest cases presently pending in the trial courts which will require sentencing under former law, we have elected to publish an opinion in this case.

ed the evidence that Morris was successfully rehabilitating himself through therapy and noted that the jail facilities are not even capable of handling offenders who do need rehabilitation. She concluded that deterrence and reaffirmation of societal norms were the only sentencing goals that would be fulfilled by incarcerating Morris. On balance, Judge Cutler decided that in Morris's case the societal goal of maintaining an intact family outweighed the goals of community condemnation or deterrence of others. Judge Cutler was impressed at how well P.B. appeared to have adjusted following the offense. She further decided that, under the circumstances, sending Morris to jail might actually be detrimental to the victim. In this regard, Judge Cutler said: "It appears to me that sending him to jail at this point might actually produce more guilt feelings in [P.B.], more bad feelings about the situation than she's already been able to kind of overcome ...." Judge Cutler acknowledged the state's suggestion of weekend incarceration but rejected it as an undue burden on the correctional system. Consequently, Morris received a probationary sentence with no time to serve.

 Recent Alaska cases establish a ninety-day to three-year minimum sentence in sexual abuse cases involving children. *State v. Brinkley*, 681 P.2d 351 (Alaska App.1984); *Langton v. State*, 662 P.2d 954 (Alaska App.1983); *State v. Jane Doe*, 647 P.2d 1107 (Alaska App.1982). *See also State v. Coats*, 669 P.2d 1329 (Alaska App.1983) (disapproving sentence of less than six months continuous incarceration for sexual abuse of a minor). However, in *State v. Coats*, in dicta, we recognized that "a probationary sentence may properly be used when a first offender is convicted of a class C felony involving sexual abuse of a child" when "mitigating circumstances ex-

ist and the offender is a promising candidate for rehabilitation through probationary supervision." 669 P.2d at 1334. In *Brinkley*, this court, again in dicta, recognized the possibility of a probationary sentence in a mitigated case of first-degree sexual assault. 681 P.2d 351 at 357–358 (quoting *Langton v. State*, 662 P.2d 954, 960 (Alaska App.1983)). We said:

> We note that a jail sentence in the cases of Doe and Langton would not break up a family since Doe and Langton were living apart from their families at the time they were sentenced. In this respect the cases are similar to *State v. Jane Doe*, 647 P.2d 1107, 1110 n. 11 (Alaska App.1982). We do not rule out the possibility that in a mitigated case of sexual assault, evidence that imposition of a jail sentence would break up an otherwise stable family and result in further psychological harm to victims of the sexual assault, could justify the imposition of a probationary sentence. We recognize the sensitivity of these cases and realize that the trial judge must have broad discretion in this area. However, barring the strongest showing that the imposition of a probationary sentence was necessary, we believe that the seriousness of these offenses mandates a term of imprisonment.

In *Brinkley*, we recognized that a sentence of not less than three years continuous incarceration was normally appropriate for someone convicted of first-degree sexual assault on a child member of his family, but concluded that the need to prevent further psychological damage to the child and maintain a viable family relationship might constitute the kind of extraordinary circumstances warranting a lesser sentence. 681 P.2d at 358.[2] It is undisputed that Morris is a promising candidate for rehabilitation and that the Morris family is

---

**2.** At oral argument, the state argued that an assailant and his child victim should never be permitted to live together and that expert testimony supporting a reunited family in incest cases was absurd. The weight to be given expert testimony is usually a matter for the trial court. The expert testimony in this case was

neither impeached nor contradicted. It was nevertheless not binding on the trial court. *Alto v. State*, 565 P.2d 492, 503 n. 17 (Alaska 1977). On this record we cannot say however, that the trial court should have rejected the expert testimony as a matter of law.

attempting to remain intact.[3] In addition, Judge Cutler did find that given the family's determination to stay together, incarceration of Morris would increase the psychological damage to P.B.

 This is a difficult case. We have noted the sentencing considerations which weigh against incarceration. On the other hand, the nature of the offense itself and the circumstances surrounding Morris's conduct would normally require an extended period of incarceration. Morris's offense does not appear to be substantially mitigated. Judge Cutler specifically noted that the incest was not an isolated occurrence but "a series of sexual acts with a child." Morris had sexual intercourse with P.B. somewhere between eight and thirty five times during a five-month period. Morris's participation was not passive as in *Jane Doe.* Moreover, the sexual activity that occurred was not "on the borderline between sexual contact and sexual penetration." *See Langton v. State,* 662 P.2d at 959. A sentence in excess of three years' incarceration would not have been too severe. Nevertheless, we are not convinced, in light of the totality of the circumstances, that Judge Cutler was clearly mistaken in imposing the sentence she did. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).[4]

In this case, unlike the situation considered in *Langton,* there is evidence from which the trial court could infer that a sentence of incarceration would have destroyed a viable family and caused long-term psychological damage to the victim. In recommending periodic incarceration on weekends, the state took a position that may have encouraged Judge Cutler to give substantial consideration to keeping the Morris family together and to accept the evidence that this was possible. In light of the evidence and in light of the position taken by the state at the sentencing hearing, we do not disapprove the sentence imposed.

---

3. The state argues that the non-offending parent is frequently an active or passive accomplice to the assailant in a sexual abuse case. *See, e.g., State v. Jane Doe,* 647 P.2d 1107 (Alaska App. 1982). A parent's testimony about reuniting the family, the state concludes, should therefore be viewed with distrust. Here the mother's testimony was corroborated by substantial expert testimony. Under these circumstances, the trial court could certainly consider it and conclude that the victim's best interest would not be served by imprisoning her assailant.

4. We are particularly concerned with what appears to be a recurring problem where the state takes a generally passive position at sentencing and all but endorses the sentence ultimately imposed and then inconsistently challenges that sentence as too lenient on appeal. In *State v. Jensen,* 650 P.2d 422, 425 (Alaska App.1982), we said:

> Our review of the record indicated a strong possibility that the dialogue between counsel and Judge Carlson amounted to a plea and sentence agreement that would preclude the state from challenging the resulting sentence as too lenient on appeal. In supplemental briefs, both defendant and the prosecution have assured us that no sentencing agreement was contemplated and that open sentencing was to apply. While we consider the record highly suspicious, we accept this statement of the parties and treat this appeal as if it were from an open sentence.

We reiterated this concern in *Langton v. State,* where we said:

> We reach our conclusion in this case reluctantly. In *State v. Jensen,* 650 P.2d 422 (Alaska App.1982), we expressed our disapproval of the state's appearing to acquiesce in a sentence in the trial court and vigorously attacking that sentence on appeal. In this case, the prosecution requested only that John Doe be given some time to serve, however, slight, in order to emphasize the community's condemnation of his crime. There is little doubt that the position taken by the state substantially influenced the sentencing judge to impose the sentence which he did. We find it ironic that the state now sees fit to appeal a sentence that was virtually predictable in light of the position which it took below. While we might prefer to dismiss this appeal and let the state shoulder responsibility for the sentence imposed, we do not think that such a course of action would be proper. The ultimate responsibility for imposition of an appropriate sentence is the sentencing court's; this is so regardless of the position taken by the prosecution at the sentencing hearing. Nevertheless, we believe it is worth noting that a more forceful presentation by the state might have resulted in a different sentence.
>
> 662 P.2d at 960 n. 4.

The sentence of the superior court is AFFIRMED.