**STATE of Alaska, Appellant,**

v.

**David RUSHING, Appellee.**

**No. 7777.**

Court of Appeals of Alaska.

May 4, 1984.

Elizabeth H. Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

John M. Murtagh, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

David Rushing was charged with four counts of sexual assault in the first degree, former AS 11.41.410(a)(4). Rushing entered a plea of guilty to two counts and the other counts were dismissed. At the time of the offenses, first-degree sexual assault was a class A felony punishable by a maximum sentence of twenty years' imprisonment. Former AS 11.41.410(b); former AS 12.55.125(c). Rushing was sentenced by Judge Beverly Cutler to three years' imprisonment with two years suspended on each count to run concurrently. He thus must serve one year of continuous imprisonment. The state appeals, contending that the sentence imposed was too lenient. We agree and disapprove the sentence.[1]

Rushing had sexual intercourse with C.R., his fourteen-year-old natural daughter, approximately four times between April and May of 1980. His offenses included both oral and digital penetration. Rushing convinced C.R. to participate in the sexual activity by warning her that the only way she could get married was to first have intercourse with him.

These were not the first nor the last sexual contacts between Rushing and his daughter. In 1976, when C.R. was ten years old, she reported to her mother that Rushing had subjected her to both digital and oral penetration. Mrs. Rushing reported the incident and Rushing was charged with lewd and lacscivious acts towards a child, former AS 11.15.134. The charges

---

1. In *State v. Brinkley*, 681 P.2d 351, 352 n. 1 (Alaska App.1984), we noted:

   When the state appeals, contending that a defendant's sentence is too lenient, this court cannot modify the sentence actually imposed; we are authorized only to express approval or disapproval of the sentence appealed by the state. AS 12.55.120(b). The purpose of our review is to provide guidance to trial courts in imposing sentences in similar cases in the future. Thus, in a sense this appeal is moot because the legislature has substantially reduced judicial discretion by enacting an eight-year presumptive sentence for first-time felony offenders convicted of first-degree sexual assault. AS 12.55.125(i)(1). Although subject to aggravation or mitigation, this sentence may not be reduced below four years' incarceration unless the trial court finds exceptional circumstances and refers the matter to a three-judge panel. AS 12.55.155–.175. The state has argued, however, that it is currently contemplating filing charges against a substantial number of parents for recently disclosed sexual abuse of their children occurring as much as five years ago. *See* AS 12.10.010 (providing a five-year statute of limitations). *Cf.* AS 12.10.020(c) (providing that a prosecution under AS 11.41.410–.460 for an offense committed against a person under the age of sixteen may be commenced within one year after the crime is reported to a peace officer or the person reaches the age of sixteen, whichever occurs first, but not extending the period of limitation to more than five years). Given the number of incest cases presently pending in the trial courts which will require sentencing under former law, we have elected to publish an opinion in this case.

were subsequently dropped by Mrs. Rushing and Rushing was not prosecuted. Finally, in July of 1982, Rushing made sexual overtures towards C.R. which prompted her to tell her mother about the 1980 incidents.

Rushing apparently has no alcohol or drug abuse problem. Although he appears to accept responsibility for his behavior and admits that he was wrong, the record indicates that he and his family had made little progress in counseling prior to sentencing. A counselor who worked with the family for six months following Rushing's arrest reported that he was unable to treat them. The probation officer who prepared the presentence report reviewed the evaluations of the family's progress in therapy and concluded that Rushing's only motive for treatment was to stay out of jail.

After Rushing was arrested, C.R. was admitted to an emergency shelter on three occasions; she ran away each time. The record indicates that C.R. had dropped out of school for all practical purposes and was close to an emotional breakdown. Despite the apparent effect that the incest has had on the family, Mrs. Rushing and C.R. both submitted letters to the sentencing court asking for a probationary sentence. Both stated that they had forgiven Rushing and did not want him to go to jail. They were concerned about the financial burden that would result from Rushing's incarceration as well as the divisive effect it would have on the family.

In addition to C.R., the Rushing family includes a daughter of sixteen months and two sons. Although Rushing was separated from his family by court order after his arrest, he continued to provide financial assistance and frequently visited the family. Rushing was employed as a retail salesman at the time of his arrest. Although he has changed jobs frequently, he has a regular employment history.

Judge Cutler thoughtfully considered the evidence in the case. In sentencing Rushing, Judge Cutler discussed the *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970). She recognized the family's apparent desire to stay together and the hardship incarceration would impose. She also recognized the aggravated circumstances surrounding the offense. Judge Cutler felt that this was a case in which the victim had truly been detrimentally affected. In addition, Judge Cutler found that Rushing had used deceptive tactics on a vulnerable child to achieve his own sexual gratification. *See* AS 12.55.-155(c)(5) (particular vulnerability of the victim which is known or should have been known to the defendant is an aggravating factor which allows the court to enhance the presumptive term). Judge Cutler also recognized that this was not a case of a single isolated act of incest.

In *State v. Brinkley*, 681 P.2d 351, No. 361 (Alaska App.1984), we surveyed Alaska cases considering nonpresumptive sentences for first offenders convicted of first-degree sexual assault of children living within their household. We concluded that in the absence of extraordinary circumstances warranting a probationary sentence, substantially mitigated offenses should result in a sentence of from ninety days to three years. Typical offenses warrant sentences from three to six years and aggravated offenses warrant sentences in excess of six years. We indicated that we would not approve a sentence of less than three years unless the trial court properly found mitigating factors or extraordinary circumstances or they were apparent from the record, 681 P.2d at 358. There is nothing in this record that would support a sentence of less than three years' incarceration.

In *Langton v. State*, 662 P.2d 954 (Alaska App.1983), this court affirmed a sentence of ten years with four years suspended for a similar offense. Langton had been sexually abusing his eleven-year-old stepdaughter for over two years. In concluding that Langton's conduct was among the most serious conduct proscribed by the statute, this court emphasized (1) the duration of the sexual abuse; (2) Langton's failure to learn from the discovery of his earlier offenses; (3) his poor attitude to-

ward rehabilitation; and (4) Mrs. Langton's unwillingness to protect her children from Langton. 662 P.2d at 956.

Each of these aggravating factors appears from the record to be applicable in Rushing's case. Although a nominal first offender, he had been sexually involved with C.R. since 1976. His prior conduct had resulted in charges of lewd and lascivious acts that were subsequently dismissed. *Cf. Seymore v. State,* 655 P.2d 786 (Alaska App.1982) (approving twenty-year sentence where the defendant was formerly convicted of a similar incident involving the same stepdaughter and given a suspended imposition of sentence, and the victim currently suffered severe psychological damage). Despite the confrontation with his wife after the first incident, Rushing refused to seek help except to the extent that treatment would forestall punishment. After the 1980 offenses for which Rushing was convicted, successful treatment was stymied by the Rushings' refusal to face reality and their insistence that the incest was a family problem. The record indicates that but for the court order, Rushing would be living in the same household as his children. Thus, there was a need to isolate Rushing to protect C.R., the sixteen-month-old daughter and possibly the other children as well. There is nothing in this record that would warrant a sentence of less than three years to serve.[2] In light of our past precedents, a sentence in excess of six years would not have been too severe. *See, e.g., Ecker v. State,* 656 P.2d 577 (Alaska App.1982).

The sentence of the superior court is DISAPPROVED.

---

**2.** In *State v. Morris,* 680 P.2d 1190 (Alaska App.1984), we affirmed a probationary sentence for a stepfather who had sexually assaulted his stepdaughter. Substantial expert testimony supported the trial court's finding in *Morris* that a term of incarceration would adversely affect the victim. The experts further testified that continuation of the family relationship was necessary for the victim's rehabilitation as well as the defendant's. This evidence distinguishes Morris's case from Rushing's.