Donald OLP, Appellant,

v.

STATE of Alaska, Appellee.

No. A-1812.

Court of Appeals of Alaska.

July 2, 1987.

Dick L. Madson and Kenneth L. Covell, Law Offices of Dick L. Madson, Fairbanks, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Donald Olp pled no contest and was convicted of four counts of sexual abuse of a minor in the second degree, a class B felony, AS 11.41.436(a)(2), two counts of assault in the fourth degree, a class A misdemeanor, AS 11.41.230(a)(1), and three counts of criminal nonsupport, a class A misdemeanor, AS 11.51.120. He received concurrent sentences of ten years with five years suspended for each count of sexual abuse of a minor in the second degree, a concurrent sentence of one year for each of the three counts of criminal nonsupport, and a one-year concurrent sentence for each of the two counts of assault in the fourth degree. The sentence for criminal nonsupport was made consecutive to the concurrent sentences of second-degree sexual abuse and fourth-degree assault. Olp, therefore, faces a composite sentence of eleven years with five years suspended. Olp challenges his sentence as excessive and, in addition, reserved the right to challenge the application of the criminal nonsupport statute in his case. *See, e.g., Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

We hold that Olp, a stepparent of the children in question, could not be held criminally liable for their nonsupport. We therefore vacate his conviction and sentence for that offense. We vacate Olp's other sentences and remand for resentencing in conformity with *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982), and

**1118**

*Austin v. State,* 627 P.2d 657 (Alaska App. 1981).

We first address Olp's argument that AS 11.51.120 does not apply to him. Alaska Statute 11.51.120 provides in pertinent part:

(a) A person commits the crime of criminal nonsupport if, being a person legally charged with the support of a child under 18 years of age, the person fails without lawful excuse to provide support for the child.

(b) As used in this section 'support' includes necessary food, care, clothing, shelter, medical attention, and education.

Olp argues that he is a stepparent who has never legally adopted the children in question and consequently is not "legally charged" with the support of the children. *See, e.g., Burgess v. Burgess,* 710 P.2d 417 (Alaska 1985). Olp relies on AS 25.20.030 and AS 47.25.230, which generally establish a duty of support between parents and children, and under certain circumstances, among siblings but do not impose any duty on stepparents. The state concedes that no Alaska statute specifically charges stepparents with the support of children. It nevertheless contends that, in the absence of a statute, the common law is applicable in Alaska and that the common law may, depending upon the facts, charge Olp with the support of the children in question. *See* AS 01.10.010. There are, of course, no common law crimes in Alaska. *See* AS 11.81.220. Nonetheless, we have, on occasion, relied on common law principles in interpreting statutory offenses. *See, e.g., Taylor v. State,* 710 P.2d 1019, 1021–22 (Alaska App.1985) (relying in part on Alaska Supreme Court decisions in interpreting the phrase "without lawful excuse" in AS 11.51.120). *See also Wells v. State,* 687 P.2d 346 (Alaska App.1984).

At common law, stepparents were not legally charged with the support of their children. *See Burgess,* 710 P.2d at 422. The common law did, however, recognize a duty to support in someone who stood *in loco parentis* to the child. *See, e.g., State v. Superior Court for King County,* 37 Wash.2d 926, 226 P.2d 882 (1951); 67A

C.J.S. *Parent and Child* § 153 (1978); 59 Am.Jur.2d *Parent and Child* § 88 (1971). The doctrine of *in loco parentis* covers situations where a stepparent manifests an intent to acquire the status of parenthood without formal adoption. 59 Am.Jur.2d *Parent and Child* § 91. The stepparent's intention may be expressed by acts or declaration; *in loco parentis* status is normally a question of fact to be determined by a jury. *Id.*

In its brief, the state goes beyond the *in loco parentis* doctrine, however, and argues for a broader principle that would equate a duty to support under AS 11.51.-120 with temporary custody. The state relies upon the doctrine that a person may be criminally liable for an omission to act where he or she is under a duty to act. *See, e.g.,* W. LaFave & A. Scott, Jr., *Criminal Law* 182–91 (1972); R. Perkins, *Perkins on Criminal Law* 591–612 (2nd ed. 1969). The state contends that a person may become obligated to act where he or she voluntarily assumes a duty to a third person even though he or she does so gratuitously. *See, e.g.,* Restatement (Second) of Torts §§ 323–24 (1965).

The Alaska Supreme Court has recognized this doctrine in negligence law on a number of occasions. *See, e.g., Williams v. Anchorage,* 633 P.2d 248, 251 (Alaska 1981); *Swenson Trucking & Excavating, Inc. v. Truckweld Equipment Co.,* 604 P.2d 1113, 1118 n. 9 (Alaska 1980), *appeal after remand,* 649 P.2d 234 (Alaska 1982); *McLinn v. Kodiak Electrical Ass'n,* 546 P.2d 1305, 1309 (Alaska 1976). *See also Adams v. State,* 555 P.2d 235, 246–47 (Alaska 1976) (Connor, J., dissenting). The supreme court has never applied this doctrine to criminal cases, however, and has never discussed circumstances under which someone other than a parent may become liable for the support of a child. Under these circumstances, we decline to extend AS 11.51.120 beyond those individuals expressly made legally responsible for the support of a child by AS 25.20.030 and AS 47.25.230. Four reasons lead us to this conclusion.

First, the plain wording of the statute would not appear to apply to someone in Olp's position. Second, the cases are ambiguous regarding precisely what conduct a person must engage in before he or she may be held *in loco parentis* to a child. Consequently, there is a real risk that were we to interpret the statute as the state suggests, the statute would become void for vagueness. *See State v. O'Neill Investigations, Inc.*, 609 P.2d 520 (Alaska 1980). Third, there are no Alaska Supreme Court cases purporting to establish a stepparent's common law responsibility for the support of his or her stepchildren, and *Burgess* seems to indicate that a stepparent has no such obligation. *See* 710 P.2d at 422 n. 10. Were we to hold in this case that a person standing *in loco parentis* to a child could be held criminally liable for nonsupport under AS 11.51.120, there would be a real risk that our holding would subject Olp to an *ex post facto* common law. *See, e.g., State v. Creekpaum*, 732 P.2d 557 (Alaska App. 1987).[1] Finally, as has been our practice, we construe this penal statute strictly against the state in order to avoid unfairness. *See State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986).

In summary, we find no Alaska statutes specifically establishing a stepparent's duty to support his or her stepchildren. *A fortiori*, we find no Alaska statute expressly requiring those who have temporary custody of a child to support those children. Nor do we find any Alaska Supreme Court decisions establishing civil liability on the part of stepparents who fail to support their stepchildren. Under these circumstances we decline to read AS 11.51.120 to apply to stepparents regardless of their actual relationship to the stepchildren.[2]

Olp next charges that his sentence of ten years with five years suspended for second-degree sexual abuse of a minor is excessive. The trial court did not specifically address *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982) (consecutive sentences exceeding the presumptive term for the most serious offense should only be imposed where necessary to protect the public), and *Austin v. State*, 627 P.2d 657 (Alaska App.1981) (normally a first-felony offender convicted of an offense should receive a more favorable sentence than the presumptive term for a second-felony offender). In applying the *Lacquement-Austin* rule, we look primarily to the period of actual incarceration, here, five years, one year in excess of the presumptive term for a second-felony offender convicted of a class B felony. *See* AS 12.55.125(d); *Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982). The trial court imposed a substantial sentence because it found that Olp had engaged in some physical violence in connection with the sexual abuse, and that between Olp and his wife, Olp was the instigator. These findings are problematic. Olp was separately charged with and convicted of physical abuse of the children. It is not clear to what extent Olp used physical violence in connection with his sexual activities with the children. It is possible

---

1. *See also Bouie v. Columbia*, 378 U.S. 347, 353–54, 84 S.Ct. 1697, 1702–03, 12 L.Ed.2d 894 (1964); *United States v. Goodheim*, 651 F.2d 1294 (9th Cir.1981); *United States v. Potts*, 528 F.2d 883 (9th Cir.1975).

2. The state has found no case basing a charge of criminal nonsupport on an *in loco parentis* or related relationship between an adult and a child. The state has found a number of cases where men and women have been prosecuted for manslaughter where they have voluntarily undertaken the care of a helpless person and allowed that person to die. *See, e.g., Jones v. United States*, 308 F.2d 307 (D.C.Cir.1962); *Flippo v. State*, 258 Ark. 233, 523 S.W.2d 390 (1975); *Cornell v. State*, 159 Fla. 687, 32 So.2d 610 (1947). These cases adapt the principles stated in the Restatement (Second) of Torts § 324 to the criminal law:

> One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by
> (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or
> (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

We express no opinion as to whether we would follow these cases in a manslaughter prosecution.

that the only physical violence was not related to the sexual abuse. While Olp may have played a greater part than his wife in the sexual abuse of the children, it is not clear that his instigation created an unusually aggravated case of sexual abuse.

The state offers additional reasons supporting the sentence. First, it argues that Olp's victims were members of the social unit comprised of those living together in the same dwelling as the defendant. AS 12.55.155(c)(18). This is true and does serve to aggravate the offense slightly. Nevertheless, a substantial percentage of the cases of child sexual abuse that we have reviewed have involved people living in the same household. This aggravating factor, standing alone, would not justify imposing a sentence on a first-felony offender equal to the presumptive term for a second-felony offender; it certainly would not justify a more severe sentence than a second-felony offender would receive. More significantly, the state argues that Olp's actual conduct in sexually abusing the children, *i.e.,* cunnilingus and fellatio, would have qualified as first-degree sexual

abuse of a child and would therefore justify characterization of his offense as among the most serious within the definition of second-degree sexual abuse of a child. *See* AS 12.55.155(c)(10); *Benboe v. State,* 698 P.2d 1230 (Alaska App.1985). The trial court did not, however, address this issue in its sentencing remarks, and the record is sufficiently confusing as to precisely what Olp did to preclude us from finding, as a matter of law, that his conduct satisfied AS 12.55.155(c)(10).[3] We express no opinion as to what sentence would be appropriate in this case.

Olp's conviction for criminal nonsupport is set aside. Olp's sentence for sexual abuse of a minor in the second degree is set aside, and this case REMANDED for resentencing.

---

**3.** The trial court did find that Olp's victims suffered substantial psychological damage. We have recognized this as an aggravating factor in the past. *Atkinson v. State,* 699 P.2d 881, 885

(Alaska App.1985). Absent further fact findings, however, it would not appear that this aggravating factor would justify the sentence imposed.