777 P.2d 1242

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John Thomas BREEDING, Sr., Defendant–Appellant.**

No. 16519.

Court of Appeals of Idaho.

Aug. 1, 1989.

John A. Bradley, Chisholm & Bradley, Burley, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Upon his plea of guilty, John Breeding stands convicted of rape. He is serving a fifteen-year

indeterminate sentence. In this appeal, he asserts that the district judge failed to make adequate findings of fact on sentencing issues, failed to determine whether aggravating circumstances had been proven beyond a reasonable doubt, and abused his discretion by pronouncing an unduly harsh sentence. For reasons set forth below, we affirm the judgment imposing the sentence.

■ We find no legal support for Breeding's contentions that the district judge was required to make findings of fact on sentencing issues or to determine whether aggravating circumstances had been proven beyond a reasonable doubt. On the question of findings, Breeding invites our attention to I.C. § 19-2515. However, the subsections of that statute which refer to findings are those applicable exclusively to capital cases. In other cases, where the death penalty is not an issue, our Supreme Court has held that judges are encouraged, but not required, to state reasons for their sentencing decisions. *State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984). *A fortiori,* findings of fact are not required in such cases. A narrow exception exists where a finding is necessary to resolve a particular factual dispute that is pivotal to the determination of a reasonable sentence. *See State v. Detweiler,* 115 Idaho 443, 767 P.2d 286 (Ct.App.1989). But here, the reasonableness of Breeding's sentence does not turn upon a particular factual dispute. Neither is the district judge's view of the case obscure. Although he did not make written findings of fact, the judge did make a comprehensive oral statement from the bench, articulating his reasons for the sentence imposed.

■ Breeding also relies on I.C. § 19-2515 to support his argument that aggravating circumstances must be determined upon proof beyond a reasonable doubt. Again, the statutory language to which he refers is applicable only to capital cases. In all criminal prosecutions, of course, the facts necessary to adjudicate guilt must be proven beyond a reasonable doubt. However, in a sentencing context, Breeding has not cited—and our research has not disclosed—any constitutional doctrine or other legal authority requiring that aggravating circumstances be proven beyond a reasonable doubt in non-capital cases. We decline to create such a requirement.

■ We now turn to Breeding's assertion that his indeterminate fifteen-year sentence is excessive. Because the crime in this case was committed prior to the Unified Sentencing Act, I.C. § 19-2513 (effective February 1, 1987), our standard of review is governed entirely by *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). In that case, we said that, absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. Thus, for the purpose of appellate review, but not as a prediction of parole, we will treat Breeding's duration of confinement as one-third of his fifteen-year sentence, or five years. The question is whether confinement for at least this period of time is reasonable.

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

*Id.* at 568, 650 P.2d at 710. In applying the *Toohill* criteria, we conduct an independent examination of the record, focusing on the

nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The facts surrounding the crime in this case are unusual and tragic. The rape was committed upon Breeding's mother. It is undisputed that Breeding physically assaulted her, restrained her and penetrated her. Breeding was then forty years old. He had seldom seen or talked to his mother in the preceding twenty-five years, having left home at the age of fifteen. As a child, he had been subjected by both parents to severe corporal punishment. A psychologist who subsequently examined Breeding, as part of the presentence investigation, said the parental discipline "possibly … did border on abuse." The psychologist characterized the rape as an act of pent-up rage, a form of retaliation against both parents. The psychologist opined that the crime was "an isolated explosion" and that the risk of "this particular behavior" reoccurring was "minimal." The psychologist diagnosed Breeding as exhibiting a passive-aggressive personality disorder, as well as an adjustment disorder with mixed emotional features. The psychologist indicated that the adjustment disorder could be treated with short-term psychotherapy, coupled with proper medication. He deemed the personality defect to be chronic.

Breeding had no prior history of sex offenses or other felonies. His record consisted only of a traffic offense and two misdemeanor thefts. Breeding had been married nearly eighteen years and was the father of four children. He was employed irregularly as a farm laborer. He had served six years in the military, receiving an honorable discharge.

Faced with these unhappy and puzzling facts, the district judge remarked from the bench that a prison sentence was necessary in light of the seriousness of the crime. He noted that imprisonment would serve the sentencing objectives of retribution (punishment) and deterrence. He acknowledged that Breeding had rehabilitative potential and did not have a significant criminal history; however, he said the risk of future offenses could not be disregarded. In our view, the district judge gave sound reasons for imposing an indeterminate sentence that requires at least five years of confinement.

Breeding has cited *Atkinson v. State,* 699 P.2d 881 (Alaska Ct.App.1985), as a purported example of a case in which a lighter sentence was imposed for a sex offense case committed against a victim in the defendant's family. There, the defendant received a ten-year sentence, with four years suspended. Breeding has asked us to compare that six-year term with the fifteen-year sentence he received. The comparison is not well taken. As the *Atkinson* court explained, the six-year period coincided with a presumptive term contained in Alaska's presumptive sentencing schedule. Under Alaska law, discretionary parole is not available during such a presumptive term. Alaska Stat. § 12.55.125. Thus, the ultimate result in *Atkinson* may not be significantly different from the outcome in this case, where Breeding will be eligible for parole after serving five years in confinement and successfully completing another psychological evaluation. *See* I.C. § 20–223.

Accordingly, the judgment of conviction for rape, including the indeterminate fifteen-year sentence, is affirmed.